# STATE OF MICHIGAN

# COURT OF APPEALS

GILBERT BANKS, VERNETTA BANKS,
MYRON BANKS and TAMIKA BANKS,

Plaintiffs-Appellants,

v

AUTO CLUB GROUP INS CO,

Defendant-Appellee.

UNPUBLISHED
June 18, 2015

No.  320985
Macomb Circuit Court
LC No.  2010-002146-CK

Before:  STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

In this insurance coverage dispute, plaintiffs appeal as of right a March 4, 2014, trial court order wherein the trial court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).  For the reasons set forth in this opinion, we affirm.

In 2004, plaintiff Gilbert Banks purchased a residential home located at 16234 Timberview in Clinton Township.  Gilbert purchased a homeowner's insurance policy for the home from defendant, issued by defendant's affiliate MemberSelect Insurance Company.  The home was destroyed by a fire in 2006.  It appears from the record that defendant provided coverage for the damages and Gilbert rebuilt the home.

Following the 2006 fire, Gilbert and Vernetta Banks' son Myron Banks and Myron's wife Tamika Banks lived at the Clinton Township residence with their children while Gilbert and Vernetta lived in Detroit with Gilbert's elderly mother.

On January 28, 2009, another fire caused damage to the Clinton Township home.  The Clinton Township Fire Department and defendant's investigator determined that arson was the cause of the fire.  Myron later pleaded no-contest to arson of a dwelling.

After defendant denied coverage, plaintiffs commenced this lawsuit alleging breach of contract.  Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that there was no coverage under the policy because Gilbert did not reside at the Clinton Township residence at the time of the fire and therefore the residence was not his "residence premises" as required by the contract.  In support of its argument, defendant cited Gilbert's deposition testimony wherein Gilbert agreed that for the past five years he spent about 95-percent of the time at his mother's home.  Gilbert also agreed that, in any given year or month,

-1-

he spent "more than" 95-percent of his time at his mother's home. Gilbert agreed that he did not inform defendant of his living arrangements.

Defendant argued that Gilbert's testimony showed that the Clinton Township home was not covered because it was not used as Gilbert's private residence in contravention of the following contract terms:

COVERAGE A – DWELLING

We will cover **your** Dwelling, including structures attached to it, at the **residence premises**. The Dwelling must be used principally as a private residence. We will also cover construction material at the residence premises for use in connection with your dwelling. We will not cover any land.

* * *

**Residence Premises** means the premises, described on the Declaration Certificate, used as a private residence by **you** that is:

a. A 1-, 2-, 3-, or 4- family Dwelling building. It includes its grounds and Additional Structures on its grounds or

b. That portion of any other building **you** occupy as a residence.

Defendant also argued that Myron and Tamika's personal effects were not covered under the policy because they were not members of Gilbert's household as Gilbert was residing in Detroit at the time of the fire. Finally, defendant argued that summary disposition was proper because plaintiffs failed to submit proof of loss in a timely manner.

Plaintiffs responded, arguing that evidence supported that Gilbert resided at the Clinton Township home at the time of the fire. Specifically, plaintiffs cited Gilbert's sworn statement wherein Gilbert asserted that the Clinton Township home was his legal residence, that he maintained a bedroom there and maintained furniture and clothing at the home. Gilbert stated that he, his wife Vernetta, and a sibling took turns staying with Gilbert's 87-year-old mother in Detroit to help care for her. Plaintiffs also cited similar testimony Gilbert gave at his deposition. Gilbert testified that, at the time of the fire, he lived at the Clinton Township residence, but was staying with his mother in Detroit.

Plaintiffs also cited Vernetta's sworn statement wherein Vernetta asserted that, at the time of the fire, she lived at the Clinton Township residence with Gilbert, Myron and Myron's wife and children. Vernetta's driver's license listed the Clinton Township residence as her address. Plaintiffs also cited sworn statements provided by Myron and Tamika, wherein they both stated that they lived with Gilbert and Vernetta at the Clinton Township residence.

On March 4, 2014, the trial court granted summary disposition in favor of defendant. The court concluded that reasonable minds could not differ as to whether Gilbert was residing at his mother's home at the time of the fire. Because Gilbert was not residing at the premises, there

was no coverage under the policy and Myron and Tamika were not "resident relatives" of Gilbert. The court also found that plaintiffs failed to timely submit proof of loss.

Plaintiffs contend that the trial court erred in granting summary disposition. We review de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 271; 826 NW2d 519 (2012). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006). If there are no genuine issues of material fact, the moving party is entitled to judgment as matter of law. MCR 2.116(C)(10).

This case requires that we interpret the relevant portions of the insurance contract. Where the language in an insurance policy is clear, "courts are bound by the specific language set forth in the agreement." *Heniser v Frankenmuth Mut Ins*, 449 Mich 155, 160; 534 NW2d 502 (1995) (quotation marks and citations omitted). "Terms in an insurance policy must be given their plain meaning and the court cannot create an ambiguity where none exists." *Id*. (quotation marks and citations omitted).

The policy provided coverage for "**your**[1] Dwelling . . . at the **residence premises** . . . The Dwelling must be used principally as a private residence" (footnote added). "Residence premises" is defined as the "premises, described on the Declaration Certificate, used as a private residence by **you** that is [either] a one-, two-, three-, or four-family Dwelling building . . . or that portion of any other building **you** occupy as a residence."

Thus, coverage for the insured's dwelling required proof that the dwelling be at the "residence premises," which, in turn, required showing that the dwelling be at the premises (1) described on the Declaration Certificate, (2) that the premises be used as a private residence by Gilbert or Vernetta, and (3) the premises be a one, two, three, or four-family dwelling building or other building occupied by Gilbert and Vernetta as a residence.

The first and third elements are not in dispute as it is undisputed that the Clinton Township home was the premises described on the Declaration Certificate and that the home was a single-family dwelling building. The issue in this case is whether there was a question of fact as to whether the Clinton Township home was used as a private residence by Gilbert or Vernetta. The policy does not define the term "private residence;" therefore, we turn to relevant case law to decipher its meaning.

In *McGrath v Allstate Ins Co*, 290 Mich App 434, 440; 802 NW2d 619 (2010), a homeowner's insurance policy provided coverage for the insured's "dwelling," which was defined as a "[single] family **building structure**, identified as the insured property on the Policy

---

[1] As defined in the policy, "you" or "your" refers to Gilbert and his spouse Vernetta.

Declarations, where **you** reside and which is principally used as a private residence." The issue was whether the phrase "where you reside" required the insured to physically live at the single-family home listed on the Policy Declarations. *Id.*

This Court held that the phrase was "not merely descriptive" of the insured premises, but rather constituted a "statement of coverage" that required the insured to reside at the home and use the home as a private residence at the time of loss. *Id.* at 442. In reaching this conclusion, this Court applied the dictionary definition of the verb "reside," which is "'to dwell permanently or for a considerable time; live.'" *Id.* at 441, quoting *Random House Webster's College Dictionary* (2000). Citing *Heniser*, 449 Mich at 155, the *McGrath* Court explained that, in the context of the insurance policy, the definition of the term "reside" was not synonymous with the legal definition of the term "domicile," which "may have a legal or technical meaning beyond mere physical presence, including 'the intent to live at that location at sometime in the future." *McGrath*, 290 Mich App at 443. Rather, this Court concluded, "*the term 'reside' requires that the insured actually live at the property.*" *Id.* at 443 (emphasis added).

In this case, consistent with *McGrath*, the phrase "used as a private residence" required that the insured actually live at the property at the time of loss. *Merriam Webster's Collegiate Dictionary* (11th ed), defines "residence" in relevant part as, "the act or fact of dwelling in a place for some time . . . the place where one actually lives as distinguished from one's domicile or place of temporary sojourn. . . ." *Id.* "Dwelling" is defined as, "a shelter (as a house) in which people live," and "live" is defined as "to occupy a home." *Id.*

Combining these definitions, "private residence" in the context of the insurance policy means a private house or place of shelter where the named insured actually lives and occupies that is not merely a place of temporary sojourn. It is not akin to one's domicile. *McGrath*, 290 Mich App at 443; *Heniser*, 449 Mich at 163.

Viewed in a light most favorable to plaintiffs, there was insufficient evidence to create a genuine issue of fact as to whether Gilbert or Vernetta used the Clinton Township home as their private residence. Neither Gilbert nor Vernetta actually lived in or occupied the Clinton Township home on more than a temporary basis. Although Gilbert kept furniture and a few personal belongings at the home, Gilbert agreed that for the past five years, he primarily resided at his mother's home and he stated that he spent "more than" 95-percent of his time there. Vernetta lived with Gilbert.

In addition, Myron testified that Gilbert and Vernetta did not spend nights at the Clinton Township residence because they could not leave Gilbert's mother alone in Detroit. Myron also stated that his parents were "not living [at the home] presently at the time," because they were staying with his grandmother in Detroit. Myron did not keep track of how often his parents were at the Clinton Township residence and stated, "they come and go," but spent nights in Detroit. Although Vernetta, testified that she spent weekends at the home, and she spent time at both addresses, this evidence did not support that Vernetta actually lived at the Clinton Township home at the time of the fire.

In short, there was no genuine issue of fact as to whether Gilbert or Vernetta used the Clinton Township home as their private residence where the evidence showed that they lived in

Detroit at the time of the fire. Accordingly, the trial court did not err in granting summary disposition on this issue.

Similarly, the trial court did not err in granting summary disposition as to Myron and Tamika's personal property claims. The policy provided coverage for personal property "owned or used by an **insured person**. . ." and "insured person" was defined as "**you**"—i.e. Gilbert or Vernetta and "any **resident relative**." "Resident relative," in turn, was defined as "a person who is a resident of **your** household related to **you**, by blood, marriage or adoption. . . ." The policy also provided coverage for additional expenses for "**you** and **your resident relatives**" in the event that a loss rendered "**your residence premises** untenantable. . . ."

Although Myron and Tamika were related to Gilbert by blood and marriage, they were not "residents" of Gilbert's "household." The policy does not define the term "household," therefore, consultation of a dictionary is appropriate. *Merriam-Webster's Collegiate Dictionary*, (11th ed.) defines "house-hold" as "those who dwell under the same roof and compose a family . . . a social unit composed of those living together in the same dwelling." Here, Myron and Tamika lived at the Clinton Township home, and, as discussed above, Gilbert did not live there, but rather lived in Detroit. Therefore, Myron and Tamika were not "resident relatives" under the terms of the policy and the trial court did not err in granting summary disposition on this issue.[2]

Affirmed. No costs awarded. MCR 7.219(A).

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

---

[2] Given our resolution of this issue, we need not address plaintiffs' argument that the trial court erred in holding that they failed to timely submit proof of loss as there was no coverage under the policy irrespective of whether plaintiffs' timely submitted proof of loss.